NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESUS LEONARDO GALLARDO
MALDONADO, et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-4048

Agency Nos.
A240-850-268
A240-850-269
A240-850-270
A240-850-271

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
Seattle, Washington

Before: BOGGS***, McKEOWN, and R. NELSON, Circuit Judges.

Jesus Leonardo Gallardo Maldonado, together with his wife Cindi Nissley

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
Court of Appeals, 6th Circuit, sitting by designation.

Rojas Ramirez and two minor children ("Gallardo"), are citizens of Colombia. Gallardo petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition. Because the parties are familiar with the facts, we need not recount them here.

"Where, as here, the BIA summarily adopts the IJ's decision without opinion pursuant to 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as if it were the BIA's decision." *Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023) (internal quotation omitted). The agency's factual findings, including credibility, are subject to the substantial evidence standard. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). The IJ did not err in concluding that Gallardo failed to establish eligibility for asylum, withholding of removal, or CAT relief based on an adverse credibility finding and on the merits.

The IJ's adverse credibility finding was based on "legitimate articulable bas[e]s" and "specific, cogent reason[s]" that meet the substantial evidence standard. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir. 2002). The IJ permissibly considered discrepancies between Gallardo's testimony and his report to the prosecuting attorney; discrepancies between his testimony and a letter of support from his father; and omissions in his testimony regarding others he knew who were

harmed by the dissidents he feared. In particular, threats central to Gallardo's fear of future persecution were missing from his father's letter, even though Gallardo testified that his father had received the threats, providing substantial evidence to support the adverse credibility finding. Because the IJ found Gallardo was not credible and failed to rehabilitate his credibility, and because the record does not compel a conclusion to the contrary, the adverse credibility determination supports the IJ's denial of asylum and withholding of removal. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

The IJ's findings on the merits were also based on substantial evidence, including Gallardo's testimony and country conditions. Among his findings, the IJ determined Gallardo failed to establish that the Colombian government was unable or unwilling to control the dissidents. The IJ found that the country conditions demonstrated that the Colombian government is willing and able to control the dissidents and is making significant efforts to do so, including a military operation, and criminal and disciplinary investigations. Further, when Gallardo filed a report with the prosecuting attorney, he was asked for additional evidence to support his claim rather than ignored or dismissed, and fled two days later before awaiting or observing what additional steps were taken.

The IJ also found no objectively reasonable fear of persecution because Gallardo had not shown inability to relocate. Gallardo testified that while his

3

brother had also confronted the dissidents, his brother did not receive threats because "he does not live in that sector." This testimony undercuts Gallardo's argument that he could not safely relocate within Colombia. *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010). The IJ's findings are based on substantial evidence and the record does not compel a contrary conclusion, thus further supporting the IJ's denial of asylum and withholding of removal.

The IJ's denial of CAT relief is similarly supported by substantial evidence. The IJ found that Gallardo could not establish likelihood of torture, including due to his ability to relocate, or that the government would acquiesce to future torture, including because of the government's efforts to control the dissidents. The record does not compel a contrary conclusion.

**PETITION DENIED.**